UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KIPLAND KINKEL,                                            Case No. 6:11-cv-06244-AA

       Petitioner,                                OPINION AND ORDER

  v.

GERALD LONG, Acting Superintendent,
Oregon State Correctional Institution,

       Respondent.
_____

AIKEN, District Judge:

     Petitioner filed this action under 28 U.S.C. § 2254 and challenges his convictions for

murder and attempted murder and the aggregate 112-year sentence imposed for those convictions.

Petitioner now moves to certify two questions to the Oregon Supreme Court. The motion is

denied.

<u>DISCUSSION</u>

     In June 1998, petitioner was charged by indictment with four counts of murder and

numerous counts of attempted murder arising from the shooting of his parents and students at his

high school. Petitioner was fifteen years old at the time of the offenses. Ultimately, petitioner pled guilty to four counts of murder, twenty-five counts of attempted murder with a firearm, and no contest to one count of attempted murder.

On November 10, 1999, petitioner was sentenced to consecutive and concurrent terms of imprisonment totaling 111 years and 8 months. *State v. Kinkel*, 184 Or. App. 277, 285, 56 P.3d 463, *rev. den.,* 335 Or. 142, 61 P.3d 938 (2002). Petitioner's "sentences are mandatory minimum sentences" and "he is not eligible for any form of sentence reduction or modification." *Id.*

In 2011, after exhausting state post-conviction remedies, petitioner filed this federal habeas action. Petitioner asserted three grounds for relief and alleged violations of his Sixth Amendment right to the effective assistance of counsel and his Fourteenth Amendment right to due process. In 2013, this action was stayed to allow exhaustion of additional Eighth Amendment claims petitioner sought to raise pursuant to the decision in *Miller v. Alabama*, 567 U.S. 460 (2012).

In 2018, the state post-conviction proceedings concluded, and the stay was lifted. Petitioner then filed a First Amended Petition including the grounds asserted in his original Petition and adding four grounds challenging the constitutionality of his sentence. In Grounds Four and Five, specifically, petitioner claims that his sentence violates the Eighth Amendment because it imposes a de facto life sentence without parole for a juvenile offender and for non-homicide offenses. *See Montgomery v. Louisiana,* 136 S. Ct. 718 (2016); *Miller v. Alabama,* 567 U.S. 460 (2012); *Graham v. Florida,* 560 U.S. 48 (2010). The State has responded to the First Amended Petition, and, typically, petitioner's supporting brief would follow. Instead, petitioner filed the instant motion and seeks certification of questions related to the possibility of petitioner's release on parole or post-prison supervision.

Petitioner maintains that the Oregon Board of Parole and Post-Prison Supervision (the Board) is authorized by statute to conduct a rehabilitation hearing once petitioner serves twenty-five years of his sentence. *See* Or. Rev. Stat. § 163.115(5). Petitioner contends that the statute "appears" to authorize a release opportunity after twenty-five years, and, if so, his sentence would not violate the Eighth Amendment prohibition against life sentences without the possibility of release for juveniles or non-homicide offenses. Accordingly, petitioner requests that this Court certify the following two questions:

1. Does the Oregon Board of Parole and Post-Prison Supervision (hereafter "Board") have the statutory authority under Oregon Revised Statute 163.115 (1999), as amended by Or. Laws 1999, chapter 782, to release onto post-prison supervision a juvenile offender convicted of murder for crimes committed in May of 1998?

2. If so, does the statutory release process in ORS 163.115 (1999) and ORS 144.110 *et. seq.* eliminate any remaining judicially imposed consecutive sentences upon a finding that a prisoner is rehabilitated under ORS 163.115 (1998) and thus require release onto post-prison supervision or parole upon a finding of rehabilitation?

Pet's Mot. at 1. (ECF No. 117). Petitioner maintains that certification of the proposed questions may resolve Grounds Four and Five, "because a release mechanism could vitiate" petitioner's Eighth Amendment claims. Pet'r Reply at 3 (ECF No. 123).

This Court may certify a question to the Oregon Supreme Court if the question 1) is one of Oregon law, 2) "may be determinative of the cause," and 3) has not been decided by the Oregon appellate courts. *Western Helicopter Servs. Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364-66, 811 P.2d 627 (1991) (citing Or. Rev. Stat. § 28.200); *see also* L.R. 83-15. The certifying court may consider the timing of request and whether certification would cause unnecessary delay. *Complaint of McLinn,* 744 F.2d 677, 681 (9th Cir. 1984). Ultimately, the "decision to certify a question to a state supreme court rests in the 'sound discretion' of the district court." *Eckard*

*Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). I find that petitioner's proposed questions are not "determinative of the cause" and certification would cause unnecessary delay.

Whether petitioner is potentially eligible for release by the Board is not a question before this Court. To obtain federal habeas relief, petitioner must show that he exhausted his claims in state court and the Oregon courts' rejection of his claims was "contrary to, or an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(b),(d). Respondent maintains that habeas relief is unavailable, because Ground Five was not fairly presented to the Oregon courts and Ground Four was denied by an Oregon Supreme Court decision entitled to deference. In *Kinkel v. Persson*, the Oregon Supreme Court held that petitioner's sentence did not violate the Eighth Amendment, because petitioner's crimes reflected, "not the transient immaturity of youth," but an "irretrievably depraved character" arising from "a deep-seated psychological problem that will not diminish as petitioner matures." 363 Or. 1, 28, 417 P.3d 401 (2018) (citations omitted).

Notably, the Oregon Supreme Court did not discuss the possibility of a rehabilitation hearing or petitioner's release in addressing his Eighth Amendment challenge, and respondent has not raised either of those issues in this proceeding. *See generally* Answer and Response (ECF Nos. 103-04). In fact, prior to petitioner's motion for certification, neither party raised this complex issue of state law. Therefore, whether petitioner would someday be eligible for some type of release is not pertinent to this Court's resolution of Grounds Four or Five.

Moreover, as respondent points out, petitioner would not be eligible for any type of hearing until 2023, after he serves twenty-five years of imprisonment, and the proposed questions are arguably unripe and seek an advisory ruling. Respondent also correctly notes that the proposed questions implicate action taken by the Board, and the Board is not a party to this

proceeding. Petitioner's reliance on this Court's certification of parole review questions in *Engweiler v. Board of Parole and Post-Prison Supervision*, 343 Or. 536, 175 P.3d 408 (2007) is unavailing; in that case, the Board had taken concrete action. *Id.* at 542, 175 P.3d 408.[1]

Finally, this case has been pending since 2011, and certification would only lead to further delay. The proposed questions address only Grounds Four and Five, and, regardless of certification, the remaining grounds require resolution by this Court. Moreover, this case was stayed for five years to allow petitioner the opportunity to exhaust his Eighth Amendment claims. During those five years, petitioner could have raised this issue before the Oregon courts, and he apparently did not. *See* Resp't Ex. 222 at 14 (petition for review before the Oregon Supreme Court asserting, "Petitioner's sentence of nearly 112 years in prison *without any chance of parole* violates the Eighth Amendment's proscription against the infliction of cruel and unusual punishments.") (emphasis added).

<u>CONCLUSION</u>

Petitioner's Motion to Certify (ECF No. 117) is DENIED. Petitioner's Brief in Support of the First Amended Petition shall be filed within 90 days from the date of this Order.

IT IS SO ORDERED.

DATED this <u>15th</u> day of December, 2020.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge

---

[1] Petitioner argues that he would be precluded from raising a successive challenge to the constitutionality of his sentence if the Board, at some later time, denies petitioner's request for a rehabilitation hearing or release. I fail to understand the relevance of this argument. Denial of certification means that this Court will resolve petitioner's Eighth Amendment claims as asserted in his First Amended Petition.