Thaddeus Betz, OSB No. 062745
155 NW Hawthorne Ave
Bend, Oregon 97703
Telephone: (541) 389-6964
Facsimile: (541) 389-6969
Email: thadbetz@gmail.com

Marsha Levick, Pa.Bar No. 22535
Juvenile Law Center
1315 Walnut Street, 4th Floor
Philadelphia, PA 19107
Telephone: 215-625-2808
Fax: 215-625-2808
Email: mlevick@jlc.org

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**KIPLAND KINKEL**,                                                  Case No.: 6:11-cv-6244-AA


                            Petitioner,

                                                                        REPLY TO RESPONSE
            v.                                                 TO PETITIONER'S MOTION
                                                                  TO EXPAND THE RECORD
**GERALD LONG**, Superintendent,
Oregon State Correctional Institution,

            Respondent.

## I.    Expansion of Evidence: Ground Four

There is no dispute that Ground Four was adjudicated on the merits and, as such, the

limitation on presenting new evidence is "limited to the record that was before the state court that

adjudicated the claim on the merits." *Cullen v. Pinholster,* 563 US 170 (2011).  Respondent

objects to the *timing* of this Court's consideration of that evidence, asserting that the Court may

consider it "only *after* a habeas court finds that the state court unreasonably denied relief on a

claim adjudicated on the merits . . . ." Dtk. No. 141 at 12 (emphasis in original). Respondents

point, for whatever its worth, simply states the obvious. Petitioner has never suggested

otherwise. In fact, in his Memorandum in Support of Petitioner's Contested Motion to Expand

the Record ("Petitioner's Memorandum"), he explicitly stated: "[b]ecause resolution of [28

U.S.C. § 2254(d)(1) and (2)] arguments by this Court will determine whether new evidence may

be considered," he relies on those arguments to support this motion. The Court can competently

decide the petitioner's motion in the appropriate sequential order of issues.

## II.    Expansion of Record: Ground Six and Seven

Respondent's next argument in opposition to expanding the records with regard to

Grounds Six likewise lacks merit. First, respondents argues that "the core of the claim was

essentially adjudicated on the merits in state court" and therefore subject to *Pinholster's* record

expansion limitation. Dkt. No. 141 at 4.  While acknowledging that it had previously taken the

opposition position, Dkt. No. 141 at 4, and that "realistically, he could not have directly

challenged [the Oregon Supreme Court's] decision until it was issued," respondent now argues

that "it is plausible that Ground Six was fairly presented in state court." Dkt. No. 141 at 4.

Respondent's argument is not logical.  Either is Ground Six was presented in state court or it was

not.  Of course, it was not.

Second, respondents alternatively and inconsistently argue that, if Ground Six was not

adjudicated on the merits, the request to expand the record should be denied because that claim

"is not cognizable."  Dkt. No. 141 at 6. Respondent explains that "Ground Six appears to be a

challenge to the state-court process – in particular, a challenge to the Oregon Supreme Court's purported refusal to allow petitioner to be heard." Dkt. No. 141 at 6. Respondent's argument is again meritless.

Petitioner's claim is that the Oregon Supreme Court deprived him of his liberty rights in making a retrospective *Miller* determination without providing him a hearing on that issue. The Oregon Supreme Court – not a sentencing court nor a court hearing any evidence – then labeled him as "the rare juvenile offender who exhibits such irretrievable depravity that rehabilitation is impossible and life without parole is justified." See Dkt. No. 130 at 85 (explaining). As explained in Petitioner's Memorandum, the Oregon Supreme Court reached the merits of petitioner's Eighth Amendment argument *sua sponte* and without that issue having been raised or resolved in the trial court or the Court of Appeals. Dkt. No. 103 at 66-68. By being the first and only state court to reach the merits of petitioner's *Miller* claim, whatever that court's rules may be, due process entitles youth, like petitioner, to a meaningful opportunity to be heard before it can deprive them of their protected liberty rights. *See Logan v. Zimmerman Brush Co.,* 455 US 422, 432 (1982) ("Each of our due process cases has recognized, either explicitly or implicitly, that because minimum [procedural] requirements [are] a matter of federal law, they are not diminished by the fact that the State may have specified its own procedures that it may deem adequate for determining the preconditions to adverse official action.") (internal quotations and citations omitted). Had a state trial court initially rendered a decision in a similar manner, a claim would have been cognizable on appeal and in federal habeas corpus as a violation of

petitioner's constitutional rights under *Miller* and *Montgomery v. Louisiana,* 136 S Ct 2455

(2016).[1]

Third, respondent argues that petitioner's Rule 7 motion should be denied because he

failed to diligently develop the factual predicate for Ground Six. Dkt. No. 141 at 7-8.

Respondent argues that "petitioner has not demonstrated – or even argued – that he exercised

diligence in attempting to develop the materials that he now proffers." Dkt. No. 141 at 8. The

simple answer to respondent's argument is that Grounds Six and Seven did not exist until the

Oregon Supreme Court rendered a decision. The information presented in Exhibits 1 and 2 have

no bearing on the issues decided in the post-conviction court and Court of Appeals because those

courts resolved issues related to the availability of post-conviction under Oregon law. As

explained above, the Oregon Supreme Court's unexpected decision to reach the merits meant that

petitioner has never had an opportunity to develop the factual predicate for Grounds Six and

Seven: those grounds did not exist. Respondent's argument otherwise fails to address that fact or

explain how or when petitioner could have presented that information to the Oregon Supreme

Court on discretionary review from a lower court decision.

Relatedly, Petitioner was never afforded an opportunity to present evidence. The post-

conviction court granted summary judgment to the State of Oregon prior to an evidentiary

proceeding on the merits. *See Kinkel v. Persson,* 276 Or. App. 427, 436-37 (2016) (discussing

post-conviction court proceedings). That trial court reasoned that Oregon's post-conviction

---

[1] The Oregon Supreme Court's decision was, in fact, an interpretation of petitioner's 1999
sentencing proceedings under the lens of *Miller.* As explained in Petitioner's Memorandum,
before, during, and after petitioner's sentencing the trial court rejected his arguments that the
Eighth Amendment limited the penalty imposed on a child. Dkt. No. 130 at 56-57. Thus, as a
matter of fact, petitioner has *never* had an opportunity to be heard nor have a sentencer consider
the *Miller* factors. The Supreme Court's application of *Miller* to the trial court's sentencing
decision is therefore a patently unreasonable determination of facts.

Page 1 – REPLY TO RESPONSE TO PETITIONER'S MOTION TO EXPAND THE RECORD

relief statute barred the Petitioner from presenting his claim.  *Id.* at 438 Thus, Petitioner cannot

be faulted for failing to present evidence in a forum that barred him from raising the merits of his

claims

Lastly, respondents argue that, even if allowed, the evidence presented in Exhibits 1 and 2

do not demonstrate by "clear and convincing evidence" that that he is entitled to relief on

Grounds Six and Seven.  Dkt. No. 141 at 10.[2]  Respondent's argument presents a question of fact

for this court to decide.  It is important to remember that the sentencing court expressly rejected

that petitioner's youth was a relevant mitigating factor that was required to be consider under the

Eighth Amendment. The Oregon Supreme Court subsequently held that the Eighth Amendment

requirements in *Miller* were irrelevant to the sentencing court because petitioner – unlike other

"normal" juveniles – suffered from a severe mental illness that motivated his crime, which it

found was not related to his youth.[3]  As related to Grounds Six and Seven, Exhibits 1 and 2

supply evidence that (1) had petitioner been given an opportunity to be heard he would have

presented evidence of how his mental illness was not inseparable from his youth; (2) the last two

decades of petitioner's conduct while incarcerated show he is not irreparably corrupt or

incapable of reformation. Respondent submits no evidence to refute either point.

## III.    Conclusion

Based on the foregoing, petitioner respectfully requests the Court to grant his *Motion to

Expand the Record*.

---

[2] Ground Seven is not premised on petitioner's receiving a hearing but premised on the Oregon Supreme Court concluding that petitioner's mental illness disqualifies him from *Miller's* application.

[3] Both the sentencing court and the Oregon Supreme Court's decisions are inconsistent with the Supreme Court's decision in *Jones v. Mississippi*, 18-1259, 2021 WL 1566605 (US Apr 22, 2021).

DATED this 23rd day of April, 2021.

Respectfully submitted,

*/s/ Thadeus Betz*
Thadeus Betz
Or. Bar No. 062745