Thaddeus Betz, OSB No. 062745
155 NW Hawthorne Ave
Bend, Oregon 97703
Telephone: (541) 389-6964
Facsimile: (541) 389-6969
Email: thadbetz@gmail.com

Marsha Levick, Pa.Bar No. 22535
Juvenile Law Center
1800 John F. Kennedy Blvd.
Suite 1900B
Philadelphia, PA 19103
Telephone: 215-625-0551
Fax: 215-625-2808
Email: mlevick@jlc.org

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KIPLAND KINKEL**, | Case No.: 6:11-cv-6244-AA |
| Petitioner, | PETITIONER'S SUR-REPLY FOR FIRST AMENDED PETITION FOR HABEAS CORPUS RELIEF (28 U.S.C. § 2254) |
| v. | |
| **GERALD LONG**, Superintendent, Oregon State Correctional Institution, | |
| Respondent | |

Page 1 –   PETITIONER'S SUR-REPLY FOR FIRST PETITION FOR HABEAS CORPUS RELIEF

**PETITIONER'S SUR-REPLY**

A.   **Ground Three – Respondent Misstates Voluntariness Standard**

In Ground Three, Petitioner argues that the state court decision is not entitled to deference due to the fact that the post-conviction court and Court of Appeals, by deferring to the post-conviction court's findings and conclusions, applied the wrong legal standard for determining voluntariness of a plea. (Dkt. No. 130 at 48-19)  In response, Respondent argues that "both the post-conviction court and the Court of Appeals understood and applied the correct standard." (Dkt. No. 143 at 3)  Respondent, however, does not show where the post-conviction court applied the correct legal standard.  That court's reliance on *Pate v. Robinson,* 383 U.S. 375 (1966) and *Brady v. Calloway,* 11 Or. App. 30 (1972), as reflected in its judgment, demonstrates that the incorrect legal standard was used to resolve his voluntariness argument.

Respondent instead relies on the fact that the Court of Appeals later cited the correct legal standard of *Brady v. United States,* 397 U.S. 742 (1970) in resolving his appeal.  (Dkt. No. 143 at 3-4).  While it is true that the Court of Appeals cited *Brady,* which Petitioner noted in his *Brief in Support,* it did so only in reviewing the post-conviction trial court's application of the wrong legal standard. Thus, the post-conviction court's factual findings were tainted by its application of *Pate*, not *Brady*, as is clear from its focus on petitioner's competence, not voluntariness, to enter his plea.[1]  Respondent does not dispute that the factual findings were made "under a misapprehension as to the correct legal standard * * *." *Taylor v. Maddox,* 366 F.3d 992, 1001 (9th Cir. 2004) (overruled on other grounds by *Murray v. Schiriro*, 745 F.3d 984, 99-100 (9th Cir.

---

[1] The Court of Appeals explained it was "bound by the court's findings of fact if there is any evidence in the record to support them and, on the basis of those findings of fact, determine whether, as a matter of law, the court erred in determining that the plea was valid." *Kinkel v. Lawhead,* 240 Or. App 403, 414 (2011) (citations omitted).

Page 1 –   PETITIONER'S SUR-REPLY FOR FIRST PETITION FOR HABEAS CORPUS
          RELIEF

2004), or that the Court of Appeals in *Kinkel* was bound by those findings. As a result, the state court findings are not entitled to deference. *Id*. (see also *Velasquez v. Ndoh*, 824 Fed. Appx 498 (2020)).

Finally, Respondent cites to various cases for the erroneous proposition that competency to stand trial is the same standard for voluntariness of a guilty plea. (Dkt. No. 143 at 4, 5)  The United States Supreme Court plainly disagrees.  In *Godinez v. Moran,* 509 U.S. 389 (1993) the Court stated:

> A finding that a defendant is competent to stand trial, however, is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel. In addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary. In this sense there *is* a "heightened" standard for pleading guilty and for waiving the right to counsel, but it is not a heightened standard of *competence*.

509 U.S. at 400 (citations and footnotes omitted; emphasis in original).  Here, the state court has never applied the correct legal standard in assessing whether petitioner's plea was voluntary.  As such, the state court decision is entitled to no deference and Petitioner should be granted relief.

**B.      Ground Four – *Jones* Supports Petitioner's *Miller* Argument**

Respondent argues that *Jones v. Mississippi*, 141 S.Ct. 1307 (2021) forecloses Petitioner's Eighth Amendment argument.  Specifically, Respondent argues that *Jones*' holding that "a sentencer is not required to make 'a finding of fact regarding a child's incorrigibility' before imposing a discretionary sentence of life without parole" is "contrary to petitioner's argument." (Dkt. No. 143 at 6). Respondent's argument fails and misapprehends Petitioner's position. Petitioner never argued in his *Brief in Support* that the sentencer was required to make factual findings of incorrigibility before sentencing him to life without parole.  (Dkt. No. 130 at 44-46).

Page 1   –    PETITIONER'S SUR-REPLY FOR FIRST PETITION FOR HABEAS CORPUS
                    RELIEF

More importantly, contrary to Respondent's argument, *Jones* is both consistent with Petitioner's arguments and further shows how the Oregon Supreme Court's decision itself is contrary to law and an objectively unreasonable application of the law under 28 USC § 2254(d).

In *Jones*, the United States Supreme Court again considered the requirements of the Eighth Amendment when a court considers sentencing a child offender to a life sentence without any possibility of release. Jones had been convicted of a murder in 2004 as a juvenile and sentenced to life in prison without parole. *Id*. at 1312. Jones underwent a fresh sentencing proceeding following the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). At resentencing, the court was presented with the newly recognized requirements in *Miller*—namely, that "chronological age and its hallmark features diminished the penological justifications for imposing the harshest sentences." *Id*. at 1313 (quoting the arguments at sentencing, quoting *Miller*). *Miller*, of course, not only barred mandatory life imprisonment for children, but also "require[s] [a sentencer] to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*. at 480. In *Jones*, the judge having been presented with the instructions of *Miller*, reimposed a sentence of life without parole, but did not make any formal factual finding that Jones was "permanently incorrigible." *Id*.

On review, while the United States Supreme Court held that neither *Miller* nor *Montgomery* required any formal fact finding process, i*d*. at 1317-1318, it also reaffirmed the core principle of *Miller* – that a sentence of life without parole is unconstitutionally disproportionate for a juvenile who is, in fact, capable of rehabilitation. Id. Of course, this new substantive rule is precisely why the Court held, in *Montgomery*, that its rule in *Miller* was retroactive and thus applicable to Petitioner. 577 U.S. at 209. *Jones* reiterated this substantive

Page 1 –   PETITIONER'S SUR-REPLY FOR FIRST PETITION FOR HABEAS CORPUS
           RELIEF

limitation when sentencing juveniles, quoting with approval the "key paragraph" from *Montgomery*:

> That *Miller* did not impose a formal factfinding requirement does not leave States free to sentence a child whose crime reflects transient immaturity to life without parole. To the contrary, *Miller* established that this punishment is disproportionate under the Eight Amendment.

*Jones*, 141 S. Ct. at 1315 n.2.

*Jones* further reminds what is required by *Miller*; namely:

> A hearing where youth and its attendant characteristics are considered as sentencing facts is necessary to separate those juveniles who may be sentenced to life without parole from those who may not.

*Id*. at 1317-1318 (quoting *Montgomery*, 577 U.S. at 210, 136 S. Ct. 718). Procedurally, this requires that a sentencer consider the child's "diminished culpability and heightened capacity for change." *Jones* at 1316 (quoting *Miller* 567 U.S. at 479). This procedure ensures "that the sentencer affords individualized "consideration" to, among other things, the defendant's "chronological age and its hallmark features." *Id*. (quoting *Miller* at 477).

*Jones* was equally clear that this proscription built upon more recent Eighth Amendment jurisprudence. *Id*. 141 S. Ct. at 1314. To be sure, *Miller* stated explicitly, "our decision flows straightforwardly from our precedents: specifically, the principle of *Roper, Graham*, and our individualized sentencing cases that youth matters for purposes of meting out the law's most serious punishments." 567 U.S. at 483. Even more explicit, in *Tatum*, the Supreme Court stated: "It is clear after *Montgomery* that the Eighth Amendment requires more than mere consideration of a juvenile offender's age before the imposition of a sentence of life without parole." *Tatum v. Arizona,* 137 S.Ct. 11, 13 (2016).

In this case, when petitioner was sentenced in 1999, neither *Roper, Graham,* or *Miller* had been decided. Plainly, then, when the court imposed petitioner's 112 year sentence it could

Page 1 –   PETITIONER'S SUR-REPLY FOR FIRST PETITION FOR HABEAS CORPUS
RELIEF

not have possibly considered this development in the Eighth Amendment; the standard did not exist and the sentencing court explicitly rejected the argument. Therefore, the 1999 sentencing proceeding did not consider what *Jones* requires: how children's profound capacity for change counsels against a life without parole sentence. *Miller,* 567 U.S. at 480 ("Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison."). Thus, the conclusion of the Oregon Supreme Court is an unreasonable application of law because the sentencing court did not consider what *Miller*, *Montgomery*, and *Jones* required of it.

The Oregon Supreme Court's decision in *Kinkel v. Persson*, 363 Or. 1, 29 (2018) is at odds with *Jones* for two other reasons that Respondent fails to address. First, in *Kinkel* the Oregon Supreme Court held that the concerns of *Miller* did not apply to petitioner because the sentencing court determined that his mental illness motivated his crime. That court explained:

> [B]ecause petitioner's psychological problems diminish his culpability for reasons that are unrelated to his youth, they are independent of and separate from the concerns that animated the Court's Eighth Amendment holdings in *Roper*, *Miller*, and *Graham*. Put differently, while petitioner's psychological problems are relevant mitigating evidence, which the sentencing court considered, they are not the sort of concerns that led to the categorical sentencing limitations announced in *Roper*, *Miller*, and *Graham*.

*Kinkel*, 363 Or. at 29. This grossly misreads the Supreme Court's juvenile sentencing cases. In noe of those cases did the Court authorize a sentencing court to disregard a child's youth and impose a life without the possibility of parole sentence because the youth was mentally ill and because that illness motivated the crime. While a sentencer might consider a youth's psychological status, it is objectively unreasonable to ignore or attempt to remove the "hallmark features" of a child from an offender who is, in fact, a child. *Miller* at 477. Second, the Oregon

Page 1 –   PETITIONER'S SUR-REPLY FOR FIRST PETITION FOR HABEAS CORPUS
           RELIEF

Supreme Court found that, in 1999, the sentencing court repeatedly rejected Petitioner's argument "that the United States Supreme Court later found persuasive in *Miller*," *Kinkel,* 363 Or. at 6, and "that later informed the Court's decision in *Miller*," *id.* at 8-9, that the Eighth Amendment required the court to consider his youth ("immaturity and possibility for change") before imposing a life without the possibility of parole sentence. The Oregon Supreme Court further observed that the Court of Appeals rejected Petitioner's Eighth Amendment argument on direct appeal. *Kinkel,* 363 Or at 11.  Given those facts, the minimal threshold requirement from *Jones* – that a juvenile have the meaningful opportunity to present and have considered their youth and attendant characteristics as set out in *Miller* – did not occur in this case.  The sentencing court rejected petitioner's arguments in 1999 that the Eighth Amendment required the court to evaluate his youth as a heavily weighted mitigating factor prior to imposing a life without the possibility of parole sentence.  Simply put, no court has ever appropriately considered petitioner's youth as *Miller* required and *Jones* reaffirmed.

C.     **Ground Five – *Graham* Applies to Petitioner's Sentence**

Respondent posits that the Oregon Supreme Court's decision is objectively reasonable because it is an aggregate sentence imposed for both homicide and non-homicide offenses.  (Dkt. No. 143 at 7)  This is wrong for two reasons.  First, the Oregon Supreme Court did not reach this conclusion; they instead concluded that aggregate sentences need not be relied upon in this case. *Kinkel*, 363 Or. at 24.  Rather, the Court held, petitioner fell within the "class of juveniles who may be sentenced, as *Miller* recognized, may be sentenced to life without possibility of parole for a homicide."  *Id*.  Thus, the Oregon Supreme Court simply never reached the conclusion that respondent proposes.  Even if they did reach such a conclusion, such a conclusion would be an unreasonable conclusion of law, as the United States Supreme Court has determined in *Tatum* an

Page 1 –    PETITIONER'S SUR-REPLY FOR FIRST PETITION FOR HABEAS CORPUS
            RELIEF

aggregate sentence for multiple homicide and non-homicide offenses runs afoul of the Eighth Amendment when a sentencer does not appropriately consider the rules proscribed in *Miller*. *See Tatum,* 137 S.Ct. at 14 (discussing cases subject to *Miller*).

Second, the *Graham* rule is clear: a child may not receive a true-life sentence for non-homicide offenses. 560 U.S. 48. Here, petitioner was sentenced to a 25 year term for a homicide offense. This sentence expires in 2024. The remainder of Petitioner's 112 year sentence, which expires in approximately 2111, is for non-homicide offenses. Given *Tatum*, which relied on *Miller*, where an aggregate sentence for multiple homicides was unconstitutional, the assertion that an aggregate sentence of life in prison for a non-homicide offense is permissible is an unreasonable application of federal law and the petitioner is entitled to relief.

**D.    Gound Six – Due Process Violation**

Respondent makes inconsistent arguments regarding Petitioner's sixth ground for relief in its *Reply* and other documents filed with the court. Respondent argued first that ground six was "procedurally defaulted." (Dkt. No. 143 at 8) Respondent then argued in a separate response to Petitioner's *Motion to Expand the Record* that ground six "may have been fairly presented in state court, but lacked merit." (Dkt. No. 143 at 8) Respondent alternatively argues that ground six "may not be a cognizable claim." (Dkt. No. 143 at 8). After saying all that, Respondent acknowledges in its *Reply* that "the precise claim that petitioner raised regarding the Oregon Supreme Court's decision could not have been raised until after that court issued its decision[,]" but nevertheless, the claim "was raised and fairly presented in state court." (Dtk. No. 143 at 9). Respondent's arguments are nonsensical.

To simplify, Petitioner's ground six is premised on not having any meaningful opportunity to address factors of his youth and attendant characteristics as required under *Miller*

Page 1 –    PETITIONER'S SUR-REPLY FOR FIRST PETITION FOR HABEAS CORPUS RELIEF

*before* being sentenced to life without parole. The Oregon Supreme Court reached the merits of Petitioner's Eighth Amendment claim, conducting a *sua sponte* analysis of the 1999 trial court's decision, without giving Petitioner any opportunity to present evidence or argument on that question. The lower courts in *Kinkel* had denied Petitioner relief based on the procedural ground that post-conviction was unavailable to him. Petitioner's reference to due process in that state court proceeding was to the availability of post-conviction relief as a remedy to raise a *Miller* claim. It was not, as Respondent suggests, on the failure of any state court to allow petitioner the opportunity to present evidence on the issues *Miller* entitled him to raise. Respondent's arguments should be rejected for those reasons.

**E.     Ground Seven – Mentally Ill Children Are Entitled to *Miller* Protections**

Finally, Respondent contends that ground seven was not fairly presented and is now procedurally defaulted because Petitioner could have raised that ground in state court. (Dkt. No. 143 at 9-10)  Respondent argues that Petitioner's mental illness was a fact he knew of and therefore could have raised his challenge to his sentence during his state court proceedings. Respondent also argues that Petitioner's argument fails because "the U.S. Supreme Court has [not] clearly established that the Eighth Amendment prohibits life without parole sentences for those suffering from mental illness." (Dkt. No. 143 at 10).

The Oregon Supreme Court rejected petitioner's *Miller* argument on the merits based on the fact he was a mentally ill youth and therefore categorically different, and in a different class, than other children. *Kinkel*, 363 Or. at 29. That decision was not made explicit until the Oregon Supreme Court announced it. The application of *Miller* to the sentencing court's decision in 1999 did not occur until 2018 in *Kinkel*. Petitioner's argument to this court is not simply that the Eighth Amendment prohibits life without parole sentences for those suffering from mental

Page 1  –   PETITIONER'S SUR-REPLY FOR FIRST PETITION FOR HABEAS CORPUS
              RELIEF

illness, as Respondent suggests. Rather, Petitioner's argument is that, by excluding him from the protections of *Miller because* he was mentally ill, the Oregon Supreme Court's decision in *Kinkel* is contrary to and an unreasonable application of *Miller* and violates the Eighth Amendment. In addition to the Oregon Supreme Court's decision constituting an unreasonable application of law, their decision also relies upon an unreasonable determination of fact (i.e., that Petitioner's crimes were not reflective of the transience of youth). Again, Petitioner was deprived of a hearing to contest this fact, and where "a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an 'unreasonable determination' of the facts." *Taylor*, 366 F.3d at 1001. These issues are properly before this Court.

## CONCLUSION

For the foregoing reasons, petitioner respectfully requests that the Court grant his petition for a writ of habeas corpus and grant relief as this Court finds appropriate.

Respectfully submitted on June 1, 2021.

/s/ Thadeus Betz
Thadeus Betz
Or. Bar No. 062745

/s/Marsha Levick
Marsha Levick
*Pro hac vicae*
Pa. Bar No. 22535

Attorneys for Petitioner

Page 1  –  PETITIONER'S SUR-REPLY FOR FIRST PETITION FOR HABEAS CORPUS RELIEF