THADDEUS BETZ, OSB No. 062745
155 NW Hawthorne Ave
Bend, Oregon 97703
Telephone: (541) 389-6964
Facsimile: (541) 389-6969
Email: thadbetz@gmail.com
MARSHA LEVICK, Pa.Bar No. 22535
Juvenile Law Center
1800 JFK Blvd,
Suite 1900B
Philadelphia, PA 19103
Telephone: 215-625-2808
Fax: 215-625-2808
Email: mlevick@jlc.org

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**KIPLAND KINKEL**,

Case No.: 6:11-cv-6244-AA

Petitioner,

PETITIONER'S MOTION FOR
RECONSIDERATION (FRCP 59(e))

v.

**GERALD LONG**, Superintendent,
Oregon State Correctional Institution,

Respondent

**Certification**

Pursuant to LR 7-1, Petitioner conferred with Respondent who opposes this motion.

**Motion**

Petitioner moves this Court to reconsider its Judgment (ECF No. 45) pursuant to Federal Rule of Civil Procedure 59(e). Specifically, Petitioner contends that this Court's Opinion and Order (ECF No. 148) committed clear error in the analysis of Petitioner's Fourth Ground for Relief.  This motion is supported by the attached Memorandum of In Support of Petitioner's Motion for Reconsideration.

DATED: January 14, 2022.

Respectfully submitted,

*s/ Thaddeus Betz*
Thaddeus Betz OSB #062745
Attorney for Petitioner

THADDEUS BETZ, OSB No. 062745
155 NW Hawthorne Ave
Bend, Oregon 97703
Telephone: (541) 389-6964
Facsimile: (541) 389-6969
Email: thadbetz@gmail.com
MARSHA LEVICK, Pa.Bar No. 22535
Juvenile Law Center
1800 JFK Blvd,
Suite 1900B
Philadelphia, PA 19103
Telephone: 215-625-2808
Fax: 215-625-2808
Email: mlevick@jlc.org

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KIPLAND KINKEL**, | Case No.: 66:11-cv-6244-AA |
| Petitioner, | MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR |
| v. | RECONSIDERATION (FRCP 59(e)) |
| **GERALD LONG**, Superintendent, Oregon State Correctional Institution, | |
| Respondent. | |

## I.    Introduction

Pursuant to Federal Rule of Civil Procedure 59(e), Petitioner asks this court to reconsider

its Opinion and Order (ECF No. 148) dismissing the habeas corpus petition at issue.

Specifically, Petitioner's Fourth Ground for Relief asserts that the Oregon Supreme Court

Page 1 –    MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR
            RECONSIDERATION

unreasonably determined that Petitioner's sentence did not violate the 8th Amendment in

sentencing a child to die in prison.  In rejecting Petitioner's Fourth Ground for Relief, this court

ruled that the recently decided United States Supreme Court case, *Jones v. Mississippi*, 141 S. Ct.

1307 (2021), controls the outcome of this case.

However, such a conclusion is a clear error of law and merits correction under Rule

59(e).  The Oregon Supreme Court issued its opinion in Petitioner's case in 2018, whereas *Jones*

was decided in 2021.   Critically, the Anti-Terrorism and Effective Death Penalty Act (AEDPA)

commands that this Court review a habeas corpus petition in light of federal law *at the time* the

state court decision was issued.  Thus, *Jones* may not be relied upon by this Court.  Under that

correct rubric, Petitioner is entitled to relief as the Oregon Supreme Court's decision was an

unreasonable application of federal law under *Miller v. Alabama*, 567 U.S. 460 (2012) and

*Montgomery v. Louisiana*, 577 U.S. 190 (2016).

## II.    Federal Rule of Civil Procedure 59(e)

Following entry of a final judgment in a matter, a party may seek relief from that

judgment under Federal Rule of Civil Procedure 59(e). Rule 59(e) is "appropriate if the district

court (1) is presented with newly discovered evidence, (2) committed a clear error or the initial

decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sissko

v. Rocha,* 440 F.3d 1145, 1153-54 (9th Cir. 2006). "[A] motion for reconsideration should

accomplish two goals: (1) is should demonstrate reasons why the court should reconsider its

prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to

reverse its prior decision." *Romtec, et al. v. Oldcastle Precast, Inc.,* No. 08-06297-HO, 2011 WL

690633, at *8 (D. Or. Feb. 16, 2011), *citing Donaldson v. Liberty Mut. Ins. Co.,* 947 F.Supp.

429, 430 (D. Haw. 1996).

## III.    The Court committed clear error in deciding Petitioner's Fourth Ground for Relief

### A.    The AEPDA legal standard under 28 U.S.C. § 2254(d)

This Court explained that

> "review of Kinkel's First Amended Petition is governed by the Anti-Terrorism
> and Effective Death Penalty Act (AEDPA). Under the AEDPA, a federal court
> may not grant habeas relief regarding any claim 'adjudicated on the merits' in
> state court, unless the state court ruling 'was contrary to, or involved an
> unreasonable application of, clearly established Federal law' or 'was based on an
> unreasonable determinate of the facts in light of the evidence presented. 28 U.S.C.
> § 2254(d)(1), (2).'"

ECF No. 148 at 10 ("Opinion and Order").

The United States Supreme Court has long held that, as contemplated by AEDPA,

"clearly established Federal law … is the governing legal principle or principles set forth by the

Supreme Court *at the time the state court renders its decision.*" *Lockyer v. Andrade,* 538 U.S. 63,

71-72 (2003) (emphasis added); *See Green v. Fisher,* 132 U.S. 34 (2011) (same);*Meras v. Sisto,*

676 F.3d 1184, 1187 (9th Cir. 2012) (applying *Green*); *Bischoff v. Lampert*, No. CIV.02-787-

CO, 2005 WL 914741, at *4 (D. Or. Apr. 19, 2005) ("When determining what the clearly

established federal law is, federal courts look at the holdings of the United States Supreme Court

as of the time of the state court's decision." *Citing Williams v. Taylor,* 529 U.S. 362, 412

(2000)).

An example relevant to this case, in *Harned v. Mills,* No. 6:10-CV-00594-PA, 2013 WL

6115727 * 5 (D. Or. Nov. 14, 2013), a juvenile offender in Oregon who had been sentenced to

life without the possibility of parole brought a § 2254 habeas corpus petition arguing that his

sentence violated his rights under the Eight Amendment. The juvenile argued that the Supreme

Court's decision in *Graham v. Florida,* 560 U.S. 48 (2010) entitled him to habeas relief. *Id.* The

Oregon District Court rejected his claim based on the fact that under § 2254(d)(1), as interpreted

in *Green,* "requires the federal courts to focus on what a state court knew and did, and to

measure state-court decision against this Court's precedents *as of the time the state court renders

its decision.*" *Id.* at 6. The last reasoned state court decision related to the juvenile's Eighth

Amendment claim was decided prior to *Graham. Id.* at 6, n. 3 (so stating and clarifying why the

juvenile in *Moore v. Biter,* 725 F.3d 1184 (9th Cir. 2013), who litigated a state habeas claim after

*Graham was decided*, is distinguishable). Consequently, the District Court held that "the pre-

*Graham* balancing test from *Harmelin* [*v. Michigan,* 501 U.S. 957 (1991)] and its progeny

applies[,]" *id,* and the court would not allow the petitioner to rely upon Supreme Court caselaw

developed subsequent to the state court decision.

### B.     This Court's analysis is clearly erroneous under AEDPA standards

This Court erred by analyzing Petitioner's Fourth Ground for Relief under an incorrect

AEDPA standard. Petitioner asserted that the Oregon Supreme Court's decision was contrary to

and involved an unreasonable application of clearly established Federal law, *viz.,* the Eighth

Amendment as interpreted by the United States Supreme Court in *Miller v. Alabama,* 567 U.S.

460 (2012) and *Montgomery v. Louisiana,* 577 190, 209-10 (2016). (ECF No. 90 at 23-24; ECF

130 at 56-64). Those were the United States Supreme Court cases establishing the "legal

principle or principles set forth … at the time the state court renders its decision." *Lockyer,* 538

U.S. at 71-72 (2003).

Rather than resolve Petitioner's Fourth Ground for Relief in accordance with the "legal

principle or principles set forth … at the time the state court renders its decision," this Court

relied on the United States Supreme Court's decision in *Jones v. Mississippi,* 141 S.Ct. 1307,

1313 (2021), which was decided well after the Oregon Supreme Court's decision in *Kinkel v. Persson,* 363 Or. 1 (2018), in holding that "the Oregon Supreme Court's decision that Kinkel's aggregate, 112-year sentence does not run afoul of *Miller* or violate the Eighth Amendment was not unreasonable, and habeas relief is denied on Ground Four." (ECF No. 148 at 26). *See also* ECF No. 148 at 26 n. 5 (rejecting Petitioner's argument that the Oregon Supreme Court unreasonably determined the facts as moot "[g]iven the Supreme Court's holding in *Jones*[.]").

To be clear, this Court expressly stated that "*Montgomery* supported the underlying premise of Kinkel's argument – that *Miller* requires a finding of 'irreparable corruption' rather than 'transient immaturity' before the juvenile murder may be sentenced to life without parole" but further found "*Jones* disavowed it." (ECF No. 148 at 22). This Court then explained:

> "After *Jones,* a sentencer may impose a life-without-parole sentence on a juvenile who committed homicide without violating *Miller* or the Eight Amendment, 'but only if the sentence is not mandatory' and 'the sentencer has discretion to consider the "mitigating qualities of youth' and impose a lesser punishment.' *Id.* at 1311, 1314, *see also id.* at 1322 (finding that 'resentencing in Jones's case complied with' the Eighth Amendment 'because the sentence was not mandatory and the trial judge has discretion to impose a lesser punishment in light of Jones's youth.)"

(ECF No. 148 at 23-24). This Court then recognized in the footnote how "[m]embers of the Supreme Court recognized that its holding in *Jones* is at odds with its language in *Montgomery*[,]" however, this Court concluded that "*Jones* is the Supreme Court's last word on *Miller,* and its holding is binding on this Court." (ECF No. 148 at 23 n. 4).

This Court's reliance on *Jones* to deny Petitioner's Fourth Ground for Habeas Relief violated the AEDPA standard of review under § 2254(d). *Jones* was not decided until *after* the Oregon Supreme Court decided *Kinkel. Jones* therefore cannot be considered in evaluating whether the Oregon Supreme Court's decision in *Kinkel v. Persson* was 'was contrary to, or involved an unreasonable application of, clearly established Federal law' or 'was based on an

unreasonable determinate of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2). *Miller* and *Montgomery* govern this Court's review of that decision and, as this Court acknowledged, under those cases, habeas relief should be granted.


**IV.    Conclusion**

For the foregoing reasons, Petitioner respectfully requests this Court reconsider and reverse its decision denying Plaintiff's Fourth Ground for Relief, and issue an Order granting him habeas corpus relief on that ground.

DATED: January 14, 2022

Respectfully submitted,

*/s/ Thaddeus Betz*
Thaddeus Betz
Or. Bar No. 062745
Attorney for Petitioner