LISA M. UDLAND
Deputy Attorney General
SAMUEL A. KUBERNICK  #045562
Assistant Attorney General
SUSAN G. HOWE  #882286
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email:  Samuel.A.Kubernick@doj.state.or.us
          susan.howe@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIPLAND KINKEL,<br><br>   Petitioner,<br><br>  v.<br><br>GERALD LONG,<br><br>   Respondent. | Case No. 6:11-cv-06244-AA<br><br>RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION |

**I. INTRODUCTION**

  Respondent responds to petitioner's *Motion for Reconsideration* (ECF # 150), and the accompanying *Memorandum in Support*, filed with this Court on January 14, 2022. In the *Motion for Reconsideration*, petitioner asks the Court to reconsider its *Opinion and Order* (ECF # 148), in which the Court denied relief on all of petitioner's claims, dismissed this action with prejudice, and granted a certificate of appealability on Grounds Three, Four, and Five. In petitioner's view, the Court committed "clear error of law" in its resolution on Ground Four,

Page 1 -   RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION
    SAK/2990077-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

petitioner's claim that the trial court violated his Eighth Amendment rights by sentencing him to approximately 112 years of imprisonment.

In that regard, his primary argument is that the Court erred by discussing *Jones v. Mississippi*, 141 S.Ct. 1307 (2021), in its resolution of that claim, because *Jones* was issued after the pertinent state-court decision.[1]  For the following reasons, the Court should deny the *Motion for Reconsideration*, and adhere to the decision rendered in the *Opinion and Order*.

## II.    DISCUSSION

As stated above, petitioner asserts—correctly—that, for AEDPA purposes, "clearly established Federal law . . . is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 558 U.S. 63, 71-72 (2003).  In turn, he argues that, because *Jones* was decided after the Oregon Supreme Court issued the pertinent state-court decision in 2018, the Court "violated the AEDPA standard of review under § 2254(d)" by relying on *Jones*.  (ECF # 150, pp. 7-8).

But the Court did not err—much less did it "clearly err"—in discussing *Jones*.  When United States Supreme Court opinions issued after the state court renders the decision under review merely clarify Supreme Court precedent—and do not make "new law"—it is not error for a reviewing federal court to rely on such decisions. *See Williams v. Runnels*, 432 F.3d 1102, 1105 n. 5 (9th Cir. 2006) (Ninth Circuit properly relied on Supreme Court decision decided after issuance of relevant state-court decision, "as the Supreme Court clearly indicates in *Johnson* [*v. California*, 545 US 162 (2005)] that it is clarifying *Batson* [*v. Kentucky*, 476 US 79 (1986)] not making new law") (alterations added).  Here, in *Jones*, the Supreme Court explained that it was "carefully follow[ing] both *Miller* and *Montgomery*."[2]  *Jones*, 141 S.Ct. 1307, 1321 (alteration added).  Given that—as the Supreme Court itself stated in *Jones*— *Jones* clarified and

---

[1] As the Court is aware, the state court's last reasoned decision is *Kinkel v. Persson*, 363 Or. 1, 417 P.3d 40 (2018), the Oregon Supreme Court's opinion from petitioner's successive post-conviction relief proceedings.

[2] *Miller v. Alabama*, 567 US 460 (2012); *Montgomery v. Louisiana*, 577 US 190 (2016).

Page 2 -    RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION
SAK/2990077-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

followed *Miller* and *Montgomery*, and did not overrule those cases or create new law, this Court did not err in discussing *Jones* in the *Opinion and Order*. See *Wiggins v. Smith*, 539 US 510, 521-22 (2003) (Supreme Court properly relied on *Williams v. Taylor*, 529 US 362 (2000) in reviewing the petitioner's ineffective assistance of counsel claim, because, although that case "had not yet been decided at the time the Maryland Court of Appeals rendered the decision at issue in this case," *Williams* was "illustrative of the proper application" of the *Strickland v. Washington*, 466 US 668 (1984), standards, and "we therefore made no new law in resolving Williams' ineffectiveness claim"). In this case, the Court properly discussed *Jones* in the context of its analysis of *Miller* and *Montgomery*, and in its ultimate resolution of petitioner's Ground Four.

Furthermore, petitioner discussed *Jones* at length in his *Sur-Reply for First Petition for Habeas Corpus Relief* (ECF # 147), contending that the Oregon Supreme Court's 2018 decision from petitioner's successive post-conviction relief (PCR) proceedings constituted an "unreasonable application of law because the sentencing court did not consider what *Miller*, *Montgomery*, and *Jones* required of it." (*Sur-Reply*, ECF # 147, p. 6). He also acknowledged that *Jones* "reaffirmed" *Miller*, arguing that "no court has ever appropriately considered petitioner's youth as *Miller* required and *Jones* reaffirmed." (ECF # 147, p. 7). Thus, it appears that petitioner has—at least implicitly—recognized that *Jones* did not overrule *Miller* or *Montgomery*, or make "new law." Rather, *Jones* followed and applied that precedent.

Under those circumstances, this Court did not err—and certainly did not "clearly err"—in analyzing and citing *Jones* in the context of its resolution of petitioner's Fourth Ground. Instead, it correctly discussed *Jones* as illustrative of the principles announced in *Miller* and *Montgomery*. See *Crawford v. Head*, 311 F.3d 1288, 1314 n. 2 (11th Cir. 2002) (although *Williams v. Taylor*, 529 US 362 (2000) "did not come out until after [the petitioner's] habeas proceedings in the Georgia courts were complete," Eleventh Circuit found the decision "helpful and relevant to the extent that it reveals the proper application of previous Supreme Court precedent concerning

Page 3 -   RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION
SAK/2990077-v1

claims of ineffective assistance of counsel during the penalty phase of a capital case").

Therefore, there is no basis to reconsider the *Opinion and Order*.

### III.   CONCLUSION

In conclusion, the Court should deny petitioner's *Motion for Reconsideration*, and adhere to the decision reached in the *Opinion and Order*

DATED January 25, 2022.

Respectfully submitted,

LISA M. UDLAND
Deputy Attorney General


　　*s/ Samuel A. Kubernick*
SAMUEL A. KUBERNICK #045562
Assistant Attorney General
SUSAN G. HOWE #882286
Senior Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4794
Samuel.A.Kubernick@doj.state.or.us
susan.howe@doj.state.or.us
Of Attorneys for Respondent

Page 4 -   RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION
SAK/2990077-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794