THADDEUS BETZ, OSB No. 062745
155 NW Hawthorne Ave
Bend, Oregon 97703
Telephone: (541) 389-6964
Facsimile: (541) 389-6969
Email: thadbetz@gmail.com
MARSHA LEVICK, Pa.Bar No. 22535
Juvenile Law Center
1315 Walnut Street, 4th Floor
Philadelphia, PA 19107
Telephone: 215-625-2808
Fax: 215-625-2808
Email: mlevick@jlc.org

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KIPLAND KINKEL**, | Case No.: 6:11-cv-6244-AA |
| Petitioner, | REPLY TO RESPONDENT'S REPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | |
| **GERALD LONG**, Superintendent, Oregon State Correctional Institution, | |
| Respondent. | |

REPLY

A.  **Respondent Misstates the Legal Standard under § 2254(d)(1) and ignores the controlling precedent in *Greene*.**

28 USC § 2254(d) bars habeas relief unless the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, §2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). The United States Supreme Court defined "clearly established Federal law, as determined by the Supreme Court of the United States," to encompass "the holdings … of this Court's decisions *as of the time of the relevant state-court decision.*" *Williams v. Taylor,* 529 U.S. 362, 412 (2000) (emphasis added). The Supreme Court made clear in *Greene v. Fisher*, 565 US 34, 35-36 (2011) that clearly established federal law, under AEDPA, does not include decisions of the Supreme Court made after the time of the last reasoned state court decision. Simply put, Respondent's position cannot be squared with the binding precedent in *Greene*.

Despite the Supreme Court's holding in *Williams*, respondent argues that the AEDPA permits this Court to rely on United States Supreme Court opinions issued after a state court renders a decision when those opinions "merely clarify Supreme Court precedent-and do not make 'new law' * * *." ECF No. 151 at 2 (citing *Williams v. Runnels,* 432 F.3d 1102, 1105 n. 5 (9th Cir. 2006)). Respondent argue that because *Jones* merely "clarified and followed *Miller* and *Montgomery*, and did not overrule those cases or create new law, this Court did not err in wholly relying upon *Jones* in the *Opinion* and *Order*." ECF No. 151 at 2-3 (citing *Wiggins v. Smith,* 539 US 510, 521-22 (2003). Respondent is incorrect.

Page 1 –   PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S
           MOTION FOR RECONSIDERATION

Respondent misreads *Wiggins*. In *Wiggins,* the Court relied on its decision in *Williams*, 529 US 362 (2000), which was decided after the state court rendered its decision, as "illustrative of the proper application of" the *Strictland* standards. *Wiggins,* 539 US at 255. The Court rejected the dissent's contention that its reliance on *Williams* violated 28 USC § 2254(d) because that decision was not "clearly established" as of the time of the relevant state-court decision. *Id*. at 542 (SCALIA, J., dissenting). The Court explained that

> "[w]hile *Williams* had not yet been decided at the time the Maryland Court of Appeals rendered the decision at issue in this case * * * Williams' case was before us on habeas review. Contrary to the dissent's contention * * * we therefore made no new law in resolving Williams' ineffectiveness claim."

*Wiggins,* 539 US at 522.

Here, unlike *Wiggins, Jones* was not before the Court on habeas review.[1] And *Jones,* unlike *Wiggins,* was not simply providing an illustrative example of how the *Miller* and *Montgomery* standard was to be applied to a particular set of facts; it expressly circumscribed the standard articulated in those two cases.

Respondent also relies on the Ninth Circuit's decision in *Williams v. Runnels*, wherein a state prisoner brought a writ of habeas corpus, alleging that the prosecutor had improperly used his peremptory challenge to eliminate African-Americans from the jury in violation of *Batson v. Kentucky,* 476 US 79 (1986). 432 F.3d at 1105. After being denied habeas relief in the district court, and while on appeal in the Ninth Circuit, the United States Supreme Court decided *Johnson v. California,* 545 US 162 (2005) and *Miller-El v. Dretke,* 545 US 231 (2005). With no

---

[1] The reason it was significant that *Williams* was before the Court on habeas review is because under the AEDPA standard of review a federal court must evaluate a state court decision to determine if it violated "clearly established Federal law." 28 USC § 2254(d)(1). Thus, a decision in a habeas proceeding that is subject to the AEDPA does technically create new law, it follows "clearly established Federal law."

Page 2 –   PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S
            MOTION FOR RECONSIDERATION

examination of §2254(d) or the standard stated in *Wiggins*, the Ninth Circuit in a footnote opined: "These cases apply to Williams' habeas appeal as the Supreme Court clearly indicates in *Johnson* that it is clarifying *Batson,* not making new law. *Johnson,* 125 S Ct at 2416-17." *Williams,* 432 F.3d at 1105 n. 5.

Respondent's reliance on *Williams v. Runnels* is misplaced. At best, the Respondent is relying upon *dicta* in a footnote. Moreover, *Williams* is inconsistent with the reasoning in *Wiggins* as to when a Supreme Court decision constitutes "new law" under the AEDPA standard, *viz.,* whether the decision was before the Court on habeas review. While *Miller-El* was a habeas proceeding, *Johnson* was not; under the reasoning given in *Wiggins,* therefore, the Ninth Circuit erred in considering *Johnson*.

Nevertheless, subsequent United States Supreme Court and Ninth Circuit cases have clarified that the phrase "clearly established Federal law" in § 2254(d)(1) means the Supreme Court law at the time of the state-court adjudication on the merits. In *Greene v. Fisher*, 565 US 34 (2011), a habeas petitioner claimed he was entitled to relief under a Supreme Court decision issued while his post-conviction review petition to the state supreme court was pending. 565 US at 38-39. In rejecting this argument, the Court unanimously held that "clearly established Federal law" does not include the decisions of the Supreme Court "that are announced after the last adjudication of the merits in state court but before the defendant's conviction becomes final." *Id.* at 35-36. For purposes of § 2254(d)(1), therefore, "clearly established Federal law" refers to the holdings of the Supreme Court "as of the time the state court renders its decision." *Id.* (internal quotation marks omitted). The Court further rejected the petitioner's argument that the *Teague v. Lane,* 489 US 288 (1989) retroactively rule – whether a Supreme Court decision announces a new legal principle – controlled whether a law was clearly established under §2254(d)(1). *Id.* at

Page 3 –   PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S
           MOTION FOR RECONSIDERATION

39 ("We have explained that the AEDPA did not codify *Teague,* and that 'the AEDPA and *Teague* inquiries are distinct.'" (quoting *Horn v. Banks,* 536 US 266, 272 (2002) (*per curiam*)). *See also Cullen v. Pinholster,* 53 US 170 (2011) (holding that § 2254(d)(1) restricts review to the state-court record).

The Ninth Circuit in *Thompson v. Runnels,* 705 F.3d 1089, 1091 (9th Cir. 2013) has recognized that *Greene* is the controlling law for § 2254(d)(1) review. In *Thompson,* the issue was whether the court was to measure the state court's opinion against a United States Supreme Court decision issued after the last state court decision. *Id.* at 1091. That court explained:

> "*Greene* has now confirmed that at the time the state court rendered its decision, the clearly established Supreme Court precedent was *Elstad,* because *Seibert* had not yet been decided. *Id.* at 44. Under § 2254(d)(1) and binding Supreme Court precedent, we cannot grant habeas relief unless the state court's adjudication of Thompson's *Miranda* claim was an "unreasonable application" of *Elstad. See id.* at 44 (2011) ("As we explained, § 2254(d)(1) requires federal courts to 'focu[s] on what a state court knew and did,' and to measure state-court decisions 'against this Court's precedents *as of 'the time the state court renders its decision.*' ' " (quoting *Cullen v. Pinholster,* ––– U.S. ––––, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011)))."

*Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013)

Here, under *Greene's* interpretation of § 2254(d)(1), *Jones* was not "clearly established Federal law" as determined by the United States Supreme Court at the time of the Oregon Supreme Court's decision in *Kinkel v. Persson,* 343 Or 1 (2018). Respondent does not address *Greene* in their response, despite petitioner citing to it in his *Memorandum in Support of Petitioner's Motion for Reconsideration* as controlling.

**B.    Under Respondent's *Ad Hoc* "New Law" Test, *Jones* Still Cannot Be Relied Upon to Deny Petitioner Relief.**

To the extent this Court entertains respondent's argument that § 2254(d)(1) allows for the district court to rely on Supreme Court opinions issued after the state court has rendered a decision, the test respondent proposes is that the Supreme Court's opinion cannot be "new law."

Page 4 –    PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S
            MOTION FOR RECONSIDERATION

ECF No. 151 at 2. Respondents don't argue, but suggest, a *Teague*-like evaluation applies to the new Supreme Court opinion, meaning, it must only "clarify" precedent but not actually "overrule * * * cases or create new law[.]" ECF No. 2-3. However, the cases – *Wiggins* and *Williams* – do not articulate that standard nor support Respondent's position.

Assuming such a standard applies, Petitioner still prevails. To be sure, *Jones* created new law. As this Court found in its *Opinion* and *Order*:

> Although *Montgomery* supported the underlying premise of Kinkel's argument – that *Miller* requires a finding of 'irreparable corruption' rather than ' transient immaturity' before a juvenile murderer may be sentenced to life without parole – ***Jones* disavowed it**. 141 S. Ct. at 1315-16, 1319-20. After *Jones,* a sentencer may impose a life-without-parole sentence on a juvenile who committed homicide without violating *Miller* or the Eighth Amendment, "but only if the sentence is not mandatory" and the "sentencer has discretion to consider the 'mitigating qualities of youth' and impose a lesser punishment."

ECF No. 148 at 23 (footnote omitted; emphasis added).[2] Respondent simply ignores this Court's decision in arguing that *Jones* did not create new law. Before *Jones*, as this Court found, *Montgomery* made clear that, after *Miller,* juvenile defendants who are not permanently incorrigible or irreparably corrupt are *constitutionally ineligible* for a sentence of life without parole. *See also United States v. Briones*, 929 F.3d 1057, 1064 (9th Cir. 2019) (recognizing same proposition). After *Jones,* as this Court found, a juvenile may receive a life without parole sentence if the sentence is not mandatory and the sentencer has discretion to consider, in light of *Miller's* discussion on the profound capacity for youth to reform, the mitigating qualities of

---

[2] This Court then noted how "[m]embers of the Supreme Court recognized that its holding in *Jones* is at odds with its language in *Montgomery*." *Id.* But, this Court concluded that, "[n]onetheless, *Jones* is the Supreme Court's last word on *Miller,* and its holding is binding on this Court." ECF No. 148 at 28.

Page 5 –   PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S
              MOTION FOR RECONSIDERATION

youth and impose a lesser punishment.[3] The *Miller* standards, as articulated in *Montgomery*, are no longer the law after *Jones* was decided.[4]

## CONCLUSION

Whether or not *Jones* "made new law" under respondent's *ad hoc* test, what *Jones* held was not clearly established Supreme Court precedent *as of the time of the state court's decision* and cannot be used to either find fault or merit in the state-court opinion. *See Greene, supra.* Importantly, Respondent does not contest Petitioner's argument that if *Jones* is removed from this court's consideration of Petitioner's Fourth Ground for Relief he prevails under *Miller* and *Graham.* In other words, absent *Jones* respondent appears to agree that petitioner is entitled to habeas corpus relief on his Fourth Ground for Relief.

---

[3] Petitioner maintains his previous argument that such a sentence would only be lawful where it was imposed after the court pronounced *Miller v. Alabama* and a sentencing court properly understood the confines of the 8th Amendment; namely that a sentence depriving a youth of parole should be reserved for only the permanently incorrigible.

[4] Respondent also points to Petitioner's own argument to say that Petitioner "—at least implicitly—recognized that *Jones* did not overrule *Miller* or *Montgomery,* or make 'new law.'" ECF No. 151 at 3. This argument misunderstands the legal issue presented under AEDPA as well as Petitioner's position.  As recited, the standard under *Greene* is simply that *Jones* cannot be relied upon by this court in determining what "clearly established federal law is."  Petitioner maintains that his sentence is clearly inconsistent with federal law at the time of the last reasoned state court decision and that his sentence remains a violation of the 8th Amendment. More importantly, assuming that was Petitioner's position, *this* Court in its *Opinion* and *Order* rejected it when it found that *Jones* disavowed what *Miller* and *Montgomery* previously required. Lastly, regardless of what petitioner argued, § 2254(d) is "addressed to courts rather than to individuals." *Lindh v. Murphy,* 521 US 320, 343-344 (1997) (REHNQUIST, C.J., dissenting). "The strictures of § 2254(d) are not discretionary or waivable. Through AEDPA, Congress sought to ensure that federal courts would defer to the judgments of state courts, not the wishes of litigants." *Miller-El,* 545 US at 282 (THOMAS, J., dissenting)

Page 6 –  PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION

For those reasons, Petitioner respectfully requests this Court to reconsider and reverse its decision denying Petitioner's Fourth Ground for Relief, and issue an Order granting him habeas corpus relief on that ground.

DATED: January 26, 2022

                                          Respectfully submitted,

                                          */s/ Thaddeus Betz*
                                          Thaddeus Betz
                                          Or. Bar No. 062745
                                          Attorney for Petitioner