UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KIPLAND KINKEL,                                                Case No. 6:11-cv-06244-AA

       Petitioner,                                         OPINION AND ORDER

       v.

GERALD LONG, Superintendent,
Oregon State Correctional Institution,

       Respondent.

_____

AIKEN, District Judge.

       Petitioner Kipland Kinkel brought this federal habeas action pursuant to 28 U.S.C. § 2254 and challenged his convictions for murder and attempted murder and the aggregate sentence of 111 years and eight months imposed by the sentencing court. Kinkel's Amended Petition alleged seven Grounds for Relief, and this Court denied habeas relief on all grounds. Kinkel now seeks reconsideration and argues that the Court committed legal error when finding that the Oregon Supreme Court reasonably rejected the claim raised in Ground Four. Kinkel's motion is denied.

1    - OPINION AND ORDER

DISCUSSION

In Ground Four of his Amended Petition, Kinkel claimed that the sentencing court violated his rights under the Eighth Amendment by imposing a de facto sentence of life without the possibility of parole for offenses he committed as a juvenile. Kinkel maintained that the sentencing court did not consider the characteristics of his youth to the extent required by the Supreme Court in *Miller v. Alabama,* 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 577 U.S 190 (2016), and that the Oregon Supreme Court unreasonably applied *Miller* when rejecting his claim on post-conviction review.

Applying the standard of review required by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), I found that the Oregon Supreme Court did not unreasonably apply *Miller* when it denied Kinkel's claim, because the sentencing court "had discretion to consider evidence of Kinkel's 'age and the wealth of characteristics and circumstances attendant to it.'" Opinion & Order at 25 (quoting *Miller*, 567 U.S. at 476) (ECF No. 148). In so finding, I discussed the Supreme Court's decision in *Jones v. Mississippi*, 141 S. Ct. 1307 (2021) and its holding that *Miller* requires "'only that a sentencer follow a certain process – considering an offender's youth and attendant characteristics – before imposing' a life-without-parole sentence." *Id.* at 22 (quoting *Jones*, 141 S. Ct. at 1314). Kinkel contends that this Court erred by considering *Jones*, because *Jones* was decided after the Oregon Supreme Court rejected his claim.

Under the AEDPA, a federal court must defer to a state court's denial of habeas relief unless the state court's decision was "contrary to or an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Kinkel is correct that "clearly established Federal law" is limited to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its

decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003), and the Supreme Court issued *Jones* after the Oregon Supreme Court rejected Kinkel's *Miller* claim. However, the Court in *Jones* explicitly stated that it "carefully follow[ed] both *Miller* and *Montgomery*" and did "not overrule" either decision when it reiterated *Miller*'s requirements and rejected an interpretation of *Montgomery* that expanded *Miller*'s holding. *Jones*, 141 S. Ct. at 1321; *see also id.* ("*Miller* held that a State may not impose a mandatory life-without-parole sentence on a murderer under 18. Today's decision does not disturb that holding. *Montgomery* later held that *Miller* applies retroactively on collateral review. Today's decision likewise does not disturb that holding."). Thus, *Jones* clarified *Miller* and did not create a new "governing legal principle" applicable to Ground Four.[1]

Notably, Kinkel's arguments before this Court acknowledged *Jones'* clarification of *Miller*. Kinkel argued that "the conclusion of the Oregon Supreme Court is an unreasonable application of law because the sentencing court did not consider what *Miller*, *Montgomery*, and *Jones* required of it," and that "[t]he Oregon Supreme Court's decision in *Kinkel v. Persson*, 363 Or. 1, 29 (2018) is at odds with *Jones*." Pet'r Sur-Reply at 6 (ECF No. 147). Kinkel further declared that "no court has ever appropriately considered petitioner's youth as *Miller* required and *Jones* reaffirmed." *Id.* at 7. Accordingly, this Court did not commit legal error by discussing *Jones*. *See Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (discussing a Supreme Court decision issued after the state court ruling because that decision "applied the same 'clearly established' precedent of *Strickland*" and "made no new law in resolving" the petitioner's claim); *Williams v. Runnels*, 432 F.3d 1102, 1105 n.5 (9th Cir. 2006) (relying on a Supreme Court decision issued

---

[1] Contrary to Kinkel's argument, I did not declare that *Jones* created "new law." Rather, I noted that *Jones* "disavowed" "the underlying premise of Kinkel's argument" based on language in *Montgomery* and recognized that *Jones* was "at odds" with such language. Opinion & Order at 22, 23 n.4.

3    - OPINION AND ORDER

after the relevant state court ruling because the Supreme Court "clearly indicate[d]" the decision was "clarifying" and "did not make new law").

With that said, the Ninth Circuit recently declined to consider *Montgomery* or *Jones* in reviewing the denial of a habeas petition, "because those decisions came after the state court denied relief." *Jessup v. Shinn*, 31 F.4th 1262, 1266 (9th Cir. 2022). In an abundance of caution, I alternatively consider whether the Oregon Supreme Court unreasonably applied *Miller* when rejecting Kinkel's claim, without taking *Jones* into account.

Kinkel contends that the Oregon Supreme Court's denial of his claim rested on an unreasonable application of *Miller*, because the sentencing court failed to consider whether his crimes reflected "transient immaturity," rendering him ineligible for a sentence of life without parole, or "permanent incorrigibility." *See Montgomery*, 577 U.S. at 208-09 (stating that under *Miller*, a sentence of life without parole "violates the Eighth Amendment for a child whose crime reflects unfortunate yet transient immaturity" and should be reserved for only "the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility"). I disagree and find that the Oregon Supreme Court's decision did not unreasonably apply *Miller*.

First, *Miller* held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," because "mandatory penalty schemes….prohibit a sentencing authority from assessing whether the law's harshest term of imprisonment proportionately punishes a juvenile offender." *Miller*, 567 U.S. at 474, 479; *see also id.* at 465, 470, 476-78, 487, 489. Importantly, *Miller* does not categorically prohibit life sentences without parole but rather requires a discretionary sentencing scheme that allows the sentencing court "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480, 483. Kinkel's

aggregate sentence was not mandated by Oregon law, and, as the Oregon Supreme Court reasonably found, it was not clearly established that *Miller* prohibited discretionary consecutive sentences exceeding a juvenile offender's life expectancy. *See Kinkel v. Persson*, 363 Or. 1, 4 (2018) ("The Court did not consider in *Miller* whether a juvenile who has been convicted of multiple murders and attempted murders, as in this case, may be sentenced to an aggregate consecutive sentence that is the equivalent of life without the possibility of parole. This case thus poses a different issue from the issue in *Miller*.").

Second, given the evidence presented at Kinkel's sentencing hearing and the sentencing court's findings, the Oregon Supreme Court reasonably found that Kinkel fell "within the narrow class of juveniles who, as *Miller* recognized, may be sentenced to life without the possibility of parole." *Id.* During Kinkel's six-day sentencing hearing, his counsel "argued that the trial court should consider his youth when imposing his sentence," *id.* at 8, and presented evidence and argument regarding Kinkel's youth, its relevance to his mental illness, and Kinkel's potential for rehabilitation through appropriate treatment. Tr. Vol. III at 355, 383-84, 389-90, 395, 413-16, 448-50; Tr. Vol. V at 676-77, 686-90; Tr. Vol. VII at 979-80, 1002, 1012, 1014-15, 1018.

The sentencing court considered such mitigating evidence and nonetheless found that Kinkel's offenses warranted a lengthy, aggregate sentence due to medical experts' uncertainty about his future dangerousness, the heinousness of his crimes, and the extensive harm he caused. Tr. Vol. VII at 1023-25. While the sentencing court acknowledged medical experts' testimony that, "with extensive, long-term treatment, they would not expect him to be dangerous," the court also noted that one expert opined "there is no cure for Mr. Kinkel's condition, [and] he should never be released without appropriate medication and – I quote – 'an awful lot of structure and appropriate support services arranged for him.'" *Id.* at 1023-24. Ultimately, the sentencing court

found that "[u]ntreated" or "improperly or incompletely treated, [Kinkel] is and remains dangerous." *Id.* at 1024.

Based on this record, the Oregon Supreme Court reasonably determined that the sentencing court found that Kinkel "suffered from a schizoaffective disorder that motivated him to commit his crimes" – a disorder that "could be treated but never cured" – and that "if untreated or inadequately treated," Kinkel "remained dangerous." *Kinkel v. Persson*, 363 Or. at 27. The Oregon Supreme Court likewise reasonably held that the sentencing court's findings were "inconsistent with a determination that petitioner's crimes 'reflect the transient immaturity of youth'" and, as a result, Kinkel's sentence was not "constitutionally disproportionate to his crimes for the reasons that underlie the Court's decision[] in *Miller*." *Id.* at 28, 30.

Granted, the sentencing court did not make specific findings regarding Kinkel's youth or his "permanent incorrigibility." However, neither *Miller* nor *Montgomery* requires a sentencing court to issue factual findings. Instead, *Miller* "mandates only that a sentencer follow a certain process – considering an offender's youth and attendant characteristics" – before imposing a life sentence, *Miller*, 567 U.S. at 483, and *Montgomery* reiterated that *Miller* does not require "a finding of fact regarding a child's incorrigibility." *Montgomery*, 577 U.S. at 211. That certain language in *Miller* and *Montgomery* lends support to Kinkel's claim is insufficient to demonstrate that the Oregon Supreme Court's "ruling on the claim…was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer*, 538 U.S. at 75 ("The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable.") (citation omitted).

<u>CONCLUSION</u>

Kinkel's Motion for Reconsideration (ECF No. 150) is DENIED.

IT IS SO ORDERED.

DATED this <u>16th</u> day of June, 2022.


_____<u>/s/Ann Aiken</u>_____
Ann Aiken
United States District Judge

7    - OPINION AND ORDER